Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000971
05-SEP-2013
10:08 AM

NO. CAAP-13-0000971

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE ESTATE OF ROSE MARIE ALVARO

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 03-1-0018)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Upon review of the record on appeal, it appears that this court lacks appellate jurisdiction. Appellant U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-SC1 (Appellant) appeals from the Order Granting Sesha Lovelace's Petition for Determination of Good Faith Settlement with the Estate Filed December 31, 2012 (Order), filed on April 29, 2013 in the Probate Court of the First Circuit. Appellant appeals pursuant Hawaii Revised Statutes (HRS) § 641-1(a) and/or 663-15.5. It appears, based on the record on appeal, neither statutory provision provides appellate jurisdiction.

In addition, HRS § 663-15.5(e) states: "A party aggrieved by a court determination on the issue of good faith may appeal the determination. The appeal shall be filed within twenty days after service of written notice of the determination, or within any additional time not exceeding twenty days as the court may allow." Appellant is not a party within the meaning of HRS § 663-15.5 because it did not move to intervene in the proceeding for determination of good faith settlement. Abaya v. Mantell, 112 Hawai'i 176, 145 P.3d 719 (2006). Therefore, Appellant lacks standing to appeal pursuant to HRS § 663-15.5. Id.

HRS § 641-1(a) states: "Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602." Rule 34(a) of the Hawai'i Probate Rules (HPR) states:

> **Rule 34. ENTRY OF JUDGMENT INTERLOCUTORY ORDERS, APPEALS.**
>
> **(a) Entry of Judgment.** All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.
> (emphasis added).

All claims raised in the Petition for Determination of Good Faith Settlement with the Estate were fully addressed in the Order. However, the Order did not finally end the formal probate proceeding and was not certified pursuant to Hawai'i Rules of

Civil Procedure Rule 54(b). There is no final judgment closing the proceeding, pursuant to HRP Rule 34(c). Therefore, HRS § 641-1(a) is inapplicable.

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 5, 2013.


Presiding Judge


Associate Judge


Associate Judge